UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VELMA DRAKE,

                Plaintiff,                          Hon. Richard Alan Enslen

v.                                               Case No.  1:03-cv-606

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

_____/


## ORDER

      This matter is before the Court on Plaintiff Velma Drake's Application for Attorney Fees Under the Equal Access to Justice Act.  Plaintiff's counsel seeks $4,746.82 in fees and costs.  Defendant opposes the motion.

      Pursuant to the Equal Access to Justice Act ("EAJA"), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action.  *See* 28 U.S.C. § 2412(d)(1)(A).  While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

      The burden rests with the Commissioner to establish that her position was substantially justified, *see Secretary, United States Dep't of Labor v. Jackson County Hosp.*, 2000 WL 658843 at *3 (6th

Cir. May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence does not mean that it was not substantially justified. *See Couch v. Sec'y of Health & Human Serv.*, 749 F.2d 359, 359 (6th Cir. 1984).

As detailed previously, Plaintiff suffers from serious knee impairments which, despite multiple surgeries, impose significant limitations on her ability to function. The record also established that Plaintiff suffers from uncontrolled diabetes which has caused her to experience blurred vision, weight gain, and diabetic neuropathy. Plaintiff's care providers consistently reported that Plaintiff was impaired to a greater extent than recognized by the ALJ. For example, Plaintiff's care providers reported that Plaintiff requires a sit/stand option, a limitation which, despite Plaintiff's severe knee impairments, the ALJ failed to recognize. In sum, the Commissioner's position was not substantially justified and the evidence of Plaintiff's disability was more than compelling.

Defendant asserts that even if counsel is entitled to attorney fees in this matter, her request is excessive and should be reduced. The Court disagrees and finds that counsel's request is reasonable and appropriate. Accordingly, the Court grants counsel's motion for fees and costs under the EAJA in the amount of $4,746.82.

While the Court is unaware of the fee arrangement between counsel and her client, Plaintiff's counsel is reminded that "any fees awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel." *See Jankovich v. Bowen*, 868 F.2d 867, 870-71 (6th Cir. 1989). Accordingly, to the extent that counsel, pursuant to 42 U.S.C. § 406, has received as payment a portion of Plaintiff's disability monies, she must refund to Plaintiff the amount of

the smaller fee "up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht v. Comm'r of Soc. Sec.*, 535 U.S. 789, 795-96 (2002).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Velma Drake's Application for Attorney Fees Under the Equal Access to Justice Act (Dkt. No. 22) is **GRANTED** and fees and costs are **AWARDED** to Plaintiff in the amount of Four Thousand Seven Hundred Forty-Six Dollars and Eighty-Two Cents ($4,746.82).

<table>
<tr><td></td><td>/s/ Richard Alan Enslen</td></tr>
<tr><td>DATED in Kalamazoo, MI:</td><td>RICHARD ALAN ENSLEN</td></tr>
<tr><td>August 22, 2005</td><td>UNITED STATES DISTRICT JUDGE</td></tr>
</table>